**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:25-CR-62-7 |
| | ) | |
| MARCUS LABAT | ) | |

**DEFENDANT MARCUS LABAT'S MOTION FOR A BILL OF PARTICULARS TO IDENTIFY CO-CONSPIRATORS**

Defendant Marcus Labat, through undersigned counsel, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 7(f), to issue an order directing the government to provide a bill of particulars setting forth the identity of any known, indicted or unindicted co-conspirators referenced in the Indictment. Undersigned counsel has conferred with the government in a good-faith effort to resolve this discovery dispute, but the parties have not been able to resolve it. Attached as Exhibit 1 is undersigned counsel's certification of good faith conferral with the government. *See* L.R. Crim. 16E(a).

## PROCEDURAL AND FACTUAL BACKGROUND

On September 4, 2025, a federal grand jury returned a multi-count Indictment against Mr. Labat and others. Doc. 3. The Indictment charges Mr. Labat with Conspiracy to Commit Wire Fraud in Count 4, and multiple counts of Wire Fraud in Counts 8-23.

Throughout the Indictment, there are references to "other coconspirators known and unknown"; "coconspirators"; "others known and unknown"; "coconspirators"; and "other members of the conspiracy". *See*, Doc. 3, e.g., Count 1, ¶¶ 33, 34; Count 2, ¶ 116; Count 3, ¶ 124; Count 4, ¶¶ 156, 157, 159; Counts 5-23, ¶ 181.

Because Mr. Labat is charged with multiple counts, with references to co-conspirators and others in each count that are not known to Mr. Labat, the Indictment does not adequately apprise him of the charges against him. A bill of particulars is therefore necessary to (1) apprise Mr. Labat of the scope of the allegations against him; (2) provide Mr. Labat with an opportunity to prepare an adequate and vigorous defense; (3) avoid unfair surprise at trial; (4) identify any improper amendment to the Indictment at trial; and (5) enable Mr. Labat to invoke the Double Jeopardy Clause in a subsequent prosecution for the same offense.

## LEGAL ARGUMENT

The Constitutional right to a fair trial begins with adequate notice of the charges against which an accused must defend. *See Russell v. United States*, 369 U.S. 749, 760–61 (1962) (explaining that the Sixth Amendment's Notice Clause, the Fifth Amendment's Due Process Clause, and the Fifth Amendment's Grand Jury Clause demand that a criminal defendant receive adequate notice of the acts and offenses for which he is charged); *see also Bousley v. United States*, 523 U.S. 614, 618 (1998) ("[T]he first and most universally recognized requirement of due process" is "real notice of the true nature of the charge against [the defendant]." (citation and internal quotation marks omitted)). To that end, an "indictment must contain 'a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" *United States v. Schmitz*, 634 F.3d 1247, 1261 (11th Cir. 2011) (quoting Fed. R. Crim. P. 7(c)(1)).

The Constitution requires that the charging document must provide the elements of the charged offenses and state facts with particularity to "inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same

offense." *United States v. Warren*, 772 F.2d 837 (11th Cir. 1985); *United States v. Sharpe*, 483 F.3d 1257, 1263 (11th Cir. 2006) (same).

Lack of notice and specificity in an indictment otherwise arms the government with the ability to freely shift its theory of prosecution on any whim, leaving the defendant "to go to trial with the chief issue undefined" and vulnerable to unfair surprise at trial. *Russell*, 369 U.S. at 766. To avoid such unfair and unconstitutional surprise, Federal Rule of Criminal Procedure 7(f) affords the court broad discretion to order the government to file a bill of particulars when an indictment fails to adequately inform and notify a defendant of the full universe of the charges against him. *See* Fed. R. Crim. P. 7(f). Thus, a bill of particulars is meant to remedy deficient notice in an indictment by requiring the government to particularize the charges and cabin them by specifying the bases on which the government intends to prove the defendant's guilt at trial. *See Warren*, 772 F.2d at 837 (explaining purpose of bill of particulars is to supplement a deficient indictment so that the defendant is informed with "sufficient precision" of the government's allegations).

Failure to grant a motion for a bill of particulars as to an indictment lacking critical factual information that is "essential to the defense" may be reversible error. *Sharpe*, 438 F.3d at 1263 n.3 (quoting *United States v.*

*Crippen*, 579 F.2d 340, 342 (5th Cir. 1978)); *see also Schmitz*, 634 F.3d at 1260 n.8. If there is any question that nondisclosure of the requested particulars might result in prejudicial surprise to the defendant at trial, the Court must then balance the competing interests of the defense and the government. *United States v. Thevis*, 474 F. Supp. 117, 124 (N.D. Ga. 1979). However, when the competing interests are closely balanced, the defendant must be given the benefit of the doubt, and the interests of the defendant in disclosure must prevail. *Id.*; *see also United States v. Manetti*, 323 F. Supp. 683, 696 (D. Del. 1971) (stating same).

Here, a Bill of Particulars is necessary to apprise Mr. Labat of the scope of the allegations against him and allow him to prepare an adequate and vigorous defense without "wast[ing] precious pre-trial preparation time guessing [what] he has to defend against." *United States v. Trie*, 21 F. Supp. 2d 7, 21–22 (D.D.C. 1998).

Mr. Labat submits a bill of particulars to disclose the identities of any alleged co-conspirators and other unnamed individuals is necessary to protect Mr. Labat's right to a fair trial. The Indictment is rife with references to unnamed "others" and "co-conspirators." Identifying all co-conspirators and others Mr. Labat purportedly conspired with, and which co-conspirators the government contends participated in which conspiracy, is vital to ensure

Mr. Labat receives a fair trial. Moreover, to the extent any such "others" purportedly aided and abetted Mr. Labat in the substantive wire fraud counts, Mr. Labat is entitled to know who those "others" are in order to defend himself.

Mr. Labat therefore moves this Court, pursuant to Federal Rule of Criminal Procedure 7(f), to issue an order directing the government to provide a bill of particulars setting forth the identity of any known, indicted or unindicted co-conspirators referenced in the Indictment.

Respectfully submitted this 28th day of September, 2026.

Respectfully Submitted,
*/s/ Brian T. Rafferty*
BRIAN T. RAFFERTY
Georgia Bar No. 311903

RAFFERTY LAW, LLC
1575 Johnson Road NE
Atlanta, Georgia 30306
(912) 658-0912
brian@raffertylawfirm.com
Counsel for Defendant Marcus Labat

CERTIFICATE OF SERVICE

This is to certify that I have on this day served the foregoing Motion on all parties in this case in accordance with the notice of electronic filing using the CM/ECF system, which was generated as a result of the electronic filing with this Court.

This 28th day of September, 2026.

*/s/Brian T. Rafferty, Esq.*

Brian T. Rafferty, Esq.