**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:25-CR-62-7 |
| | ) | |
| MARCUS LABAT | ) | |

**DEFENDANT MARCUS LABAT'S MOTION FOR A *JAMES* HEARING, OR IN THE ALTERNATIVE, DISCLOSURE OF ALL STATEMENTS THE GOVERNMENT INTENDS TO INTRODUCE PURSUANT TO FRE 801(d)(2)(E)**

Defendant Marcus Labat, through undersigned counsel, hereby moves the Court to order a *James* hearing to determine the admissibility of coconspirator statements pursuant to Federal Rule of Evidence 801(d)(2)(E), or in the alternative, to order the government to identify the specific coconspirator statements the government intends to introduce no later than sixty days prior to trial, so that Defendant can file any motions to preclude the admission of those statements prior to trial. Undersigned counsel has conferred with the government in a good-faith effort to resolve this discovery dispute, but the parties have not been able to resolve it. Attached as Exhibit 1 is undersigned counsel's certification of good faith conferral with the government. *See* L.R. Crim. 16E(a).

## PROCEDURAL AND FACTUAL BACKGROUND

On September 4, 2025, a federal grand jury returned a multi-count Indictment against Mr. Labat and others. Doc. 3. The Indictment charges Mr. Labat with Conspiracy to Commit Wire Fraud in Count 4, and multiple counts of Wire Fraud in Counts 8-23. Important for the purposes of this Motion, the government has charged an entirely separate conspiracy in Count 1 of the Indictment, and Mr. Labat is not charged in that Count.

Throughout the Indictment, there are references to "other coconspirators known and unknown"; "coconspirators"; "others known and unknown"; "coconspirators"; and "other members of the conspiracy". See, e.g., Count 1, ¶¶ 33, 34; Count 2, ¶ 116; Count 3, ¶ 124; Count 4, ¶¶ 156, 157, 159; Counts 5-23, ¶ 181. The government has not yet identified these coconspirators to the defense and has not identified any specific statements of coconspirators that it intends to introduce into evidence at the trial of this matter pursuant to Fed. R. Evid. 801(d)(2)(E).

Because there are multiple conspiracies charged in the Indictment, and Mr. Labat is charged in just one of those conspiracies, Mr. Labat submits that the government should be required to identify the specific coconspirator statements it intends to introduce pursuant to Fed. R. Evid. 801(d)(2)(E) in furtherance of the specific conspiracy in which Mr. Labat is charged well in

advance of trial. By so doing, Mr. Labat can file an appropriate motion to preclude such evidence from admission at trial, and the Court can make a pretrial determination regarding admissibility, thus assuring Mr. Labat can prepare an adequate and vigorous defense. This is particularly true here, where the Government has charged two entirely different conspiracies, and the Court must therefore determine which statement is purportedly admissible in furtherance of which conspiracy.

## **LEGAL ARGUMENT**

To admit extrajudicial statements of a co-conspirator into evidence, the government must first show by a preponderance of the evidence, that (1) a conspiracy existed; (2) each declarant knowingly and willfully entered into the conspiracy with the intent to violate the law; and (3) each statement was made during and in furtherance of that conspiracy. *See* Fed. R. Evid. 801(d)(2)(E). "[A] 'preponderance of the evidence' standard requires a weighing of *all* the evidence, pro and con, including defendant's evidence, to determine on which side the greater weight of evidence rests." *United States v. Mulherin*, 521 F. Supp. 819, 822 (S.D. Ga. 1981). Rule 801(d)(2)(E) expressly provides, however, that "[t]he statement . . . does not by itself establish . . . the existence of the conspiracy or participation in it." *United States v. Hough*, 803 F.3d 1181, 1193 (11th Cir. 2015). And to prove that a

single conspiracy existed under Rule 801(d)(2)(E), the government must show: (1) an agreement to violate the law existed, (2) the defendants knew the essential objectives of the conspiracy, (3) the defendants knowingly and voluntarily participated in the conspiracy, and (4) the alleged co-conspirators were interdependent. *See United States v. Dixon*, 901 F.3d 1322, 1335 (11th Cir. 2018); *United States v. Chandler*, 388 F.3d 796, 807 (11th Cir. 2004).

Whether the government has satisfied this standard is a question to be decided by the Court, not the jury. *United States v. James*, 590 F.2d 575, 580 (5th Cir. 1979). In *James*, the predecessor to the Eleventh Circuit established the procedure by which the Court is to resolve this question. Recognizing the "danger to a defendant in a conspiracy trial when the government tenders a coconspirator's statement before laying the foundation for its admission," the Court in *James* held that trial judges should, "whenever reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it before admitting declarations of a conspirator." *Id.* at 582.

A *James* hearing is appropriate here to ensure "that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration." *See Bourjaily v. United States*, 483 U.S.

171, 175 (1987). Mr. Labat would be prejudiced in this case without a *James* hearing because these statements could not be given such due consideration before trial. *See id.* This is particularly true here, where multiple conspiracies are charged and Mr. Labat is only charged in one of those conspiracies but not the other. Mr. Labat is entitled to know which statements identified by the government are admissible in furtherance of which conspiracy.

But counsel for Mr. Labat recognizes that a *James* hearing is not mandatory. *United States v. Pepe*, 747 F.2d 6332, 652 (11th Cir. 1984). The decision in *United States v. Holland,* 396 F. Supp. 3d 1210 (N.D.Ga. 2019) provides a compromise if the Court is unwilling to conduct a *James* hearing. In *Holland*, the defendants moved for a *James* hearing, and the government opposed the request as impractical because, as the Court recognized, there were as many as fifty-five (55) potential coconspirators involved. 396 F. Supp. 3d at 1248. Therefore, as a "compromise", the Court in *Holland* ordered the government to provide a list of coconspirator statements within sixty days of the Order so that the defendants could move to exclude the ones the defendants believed should be excluded from evidence at trial and so the Court could hold a hearing if necessary. *Id.* at 1248-1249.

Here, similar to the facts in *Holland*, there are a multitude of potential coconspirators in this case, and there may well be more given the number of

individuals contained in the millions of pages of discovery provided by the government in this case. While counsel for Mr. Labat has been diligently reviewing the discovery provided by the government in this case, it is difficult if not impossible for counsel for Mr. Labat to identify the specific coconspirator statements the government intends on introducing at trial, and to prepare appropriate impeachment materials pursuant to Fed. R. Evid. 806.

Thus, if the Court is not inclined to conduct a *James* hearing, counsel for Mr. Labat submits that the "compromise" reached in *Holland* would be appropriate here. Mr. Labat therefore requests that the Court order the government to at least identify the specific coconspirator statements it intends to introduce pursuant to Fed. R. Evid. 801(d)(2)(E) sixty days prior to trial, so that the Court can make a pretrial determination regarding the admissibility of those statements.

## **CONCLUSION**

For these reasons, Defendant Marcus Labat moves the Court to order a *James* hearing to determine the admissibility of coconspirator statements pursuant to Federal Rule of Evidence 801(d)(2)(E), or in the alternative, to order the government to identify the specific coconspirator statements the government intends to introduce no later than sixty days prior to trial, so that Defendant can file any motions to preclude the admission of those statements prior to trial.

This motion is respectfully submitted this 28th day of September, 2026.

*/s/ Brian T. Rafferty*
BRIAN T. RAFFERTY
Georgia Bar No. 311903
Counsel for Defendant
RAFFERTY LAW, LLC
1575 Johnson Road NE
Atlanta, Georgia 30306
(912) 658-0912
brian@raffertylawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the United States District Court for the Southern District of Georgia by way the CM/ECF system, which automatically will serve this document on the attorneys of record for the parties in this case by electronic mail.

This 28th day of September 2026.

*s/ Brian T. Rafferty*
BRIAN T. RAFFERTY
Georgia Bar No. 311903
Counsel for Defendant

RAFFERTY LAW, LLC
1575 Johnson Road NE
Atlanta, Georgia 30306
(912) 658-0912
brian@raffertylawfirm.com