**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:25-CR-62-7 |
| | ) | |
| MARCUS LABAT | ) | |

## DEFENDANT MARCUS LABAT'S MOTION TO STRIKE SURPLUSAGE

Defendant Marcus Labat, through undersigned counsel, hereby moves this Court, pursuant to Federal Rules of Criminal Procedure 7(d), to strike prejudicial surplusage from the Indictment. Mr. Labat respectfully submits that the allegations in paragraphs 15-31 of the Indictment are prejudicial, inflammatory and irrelevant to the allegations of conspiracy and wire fraud filed against Mr. Labat. In support of this Motion, Defendant states as follows:

## PROCEDURAL AND FACTUAL BACKGROUND

On September 4, 2025, a federal grand jury returned a multi-count Indictment against Mr. Labat and others. Doc. 3. The Indictment charges Mr. Labat with Conspiracy to Commit Wire Fraud in Count 4, and multiple counts of Wire Fraud in Counts 8-23.

In addition to the charges against Mr. Labat, the Indictment includes an entirely different Conspiracy to Commit Bank Fraud in Count 1, Substantive Bank Fraud Counts in Counts 2-3, and Substantive Counts charging Aiding and Abetting in the Filing of False Tax Returns in Counts 24-26. Mr. Labat is not charged in any of these other counts.

Paragraphs 15-31 of the Indictment are part of the Introductory Allegations in the Indictment and are incorporated by reference to the charges in Counts 4 and Counts 8-23 against Mr. Labat. *See* Doc. 3 at ¶¶ 155, 180. The allegations in Paragraphs 15-31 relate to various religious practices of HOPCC and are highly prejudicial and inflammatory, deriding HOPCC and suggesting HOPCC is operated like a "cult." These allegations have no relevance to the very specific wire fraud charges against Mr. Labat and are inflammatory and unfairly prejudicial to him. Mr. Labat therefore respectfully submits that the following allegations in Paragraphs 15-31 should be stricken from the Indictment pursuant to Rule 7(d):

¶ 15: "Many of the HOPCC locations were established…for easier indoctrination of military members."

¶ 18: At times the Defendants received funds…which were classified using terms including: "ministerial love offering," and "love offering."

¶ 20: "…Labat exercised extreme control and manipulation…"

¶ 21: "As part of the control and manipulation..."

¶ 22: "As part of the control and manipulation, Oloans maintained dozens of HOPCC members' personally identifiable information, including driver's licenses and Social Security number to use for Defendants' benefit."

¶ 23: "As part of the control and manipulation, the Defendants had some members sign N0n-Disclosure Agreements."

¶ 24: "As part of the control and manipulation, Denis at times arranged marriages and orchestrated divorces among HOPCC members."

¶ 25: "As part of the control and manipulation, Denis and Oloans directed HOPCC members to live in rental properties, which were purchased using straw buyers which generated rental income that flowed to the Defendants."

¶ 26: "As part of the control and manipulation, HOPCC members were expected to attend the organization's gatherings and meetings on a virtual daily basis and were expected to receive permission from a person in authority, to include Denis and Robertson, to be absent from gatherings and meetings."

¶ 27: "As part of the control and manipulation, HOPCC members were directed by the church leadership to recruit military personnel to join HOPCC using a technique called "soul winning.""

¶ 28: "As part of the control and manipulation, HOlPCC members were expected to report infractions and violations of established rules to HOPCC leadership, which included Denis, Oloans, Fryar, Nostrant, Roberston, Reip, Garcia, and Labat."

¶ 29: "As part of the control and manipulation, HOPBS students would be "counseled" in writing for infractions of "Student Conduct," to include such things as texting a person of the opposite gender; wearing "worldly and unbecoming" attire; "insubordination;" "Defiance;" and "Sewing Discord and sedition."

¶ 30: "As part of the control and manipulation, Denis castigated and humiliated congregants both in private and in front of other members of the HOPCC for purported violations of the expected standards of conduct."

¶ 31: "As part of the control and manipulation, HOPCC members were expected not to have contact with former members, including family. Some former members were maintained on a list entitled "Ex-HOPCC Traitors."

**LEGAL ARGUMENT**

Federal Rule of Criminal Procedure 7(d) provides that "[u]pon defendant's motion, the Court may strike surplusage from the Indictment." Rule 7(d) is designed to eliminate language in the indictment that is irrelevant and inflammatory. *United States v. Awan*, 966 F.2d 1415, 1426

(11th Cir. 1992). Thus, to prevail on a motion to strike surplusage, a defendant must show, first, that the contested portions of the indictment are irrelevant to the charged crimes, and, second, that the challenged language is unfairly prejudicial or inflammatory. *Id*.

Here, it is difficult to conceive how the practices of the HOPCC church have any relevance to the wire fraud allegations in counts 4-23 of the Indictment. Whether a parishioner has been "indoctrinated," "controlled," "manipulated", or a part of any of the allegations in paragraphs 15-31 of the Indictment, is irrelevant to the very narrow wire fraud allegations in Counts 4-23. It is also hard to conceive of more prejudicial and inflammatory surplusage than the allegations in paragraphs 15-31, in which the government broadly derides the practices of HOPCC and suggests HOPCC operated like a "cult." Unraveling that information for the jury and rebutting the Government's broad claims that HOPCC was like a "cult," is a pointless endeavor which can be avoided by simply eliminating the language in paragraphs 15-31 from the Indictment.

For these reasons, Mr. Labat urges this Court to strike the allegations in paragraphs 15-31 from the Indictment.

This motion is respectfully submitted this 28th day of September, 2026.

*/s/ Brian T. Rafferty*
BRIAN T. RAFFERTY
Georgia Bar No. 311903
Counsel for Defendant
RAFFERTY LAW, LLC
1575 Johnson Road NE
Atlanta, Georgia 30306
(912) 658-0912
brian@raffertylawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the United States District Court for the Southern District of Georgia by way the CM/ECF system, which automatically will serve this document on the attorneys of record for the parties in this case by electronic mail.

This 28th day of September 2026.

*s/ Brian T. Rafferty*
BRIAN T. RAFFERTY
Georgia Bar No. 311903
Counsel for Defendant

RAFFERTY LAW, LLC
1575 Johnson Road NE
Atlanta, Georgia 30306
(912) 658-0912
brian@raffertylawfirm.com